### BADER v. CINCINNATI (City)
Hamilton County Common Pleas
No. 181915. Oct. 29, 1923

**241. LOTTERIES.**

Consideration in a strict contractural sense not required.

MATTHEWS, J.
#### Epitomized Opinion

Plaintiffs in error who were engaged in the restaurant business distributed tickets bearing certain numbers corresponding to duplicate tickets retained by them from which they determined by chance a certain number the possessor of which received an automobile. A ticket was given with each sale to patrons of the restaurant without extra charge. Plaintiffs in error were convicted of violating 13063 GC. and an ordinance of the city forbidding the carrying on or promoting of a lottery or scheme of chance. They prosecuted error to this court, contending no lottery because of a lack of consideration for the tickets. Held.

Under the Ohio statute consideration in the strict contractual sense is not an element of offense. Judgment affirmed.

**Appearances**—Joseph W. Heintzman, for plaintiffs in error; Saul Zielonka, Chauncey Pichel, for City.

---

### No. 875

### OPPENHEIMER v. OPPENHEIMER PTG. CO.
Hamilton Common Pleas

**115. CORPORATIONS.**

Dissolution will not be ordered unless beneficial to stockholders or for insolvency.

MATTHEWS, J.
#### Epitomized Opinion

Action to dissolve corporation under 11938 to 11943 GC. S. and K. Oppenheimer, partners, formed a corporation which took over their printing business. They were the largest stockholders and owned substantially the same amount of stock, and either with the co-operation with one Simon, the next largest stockholder, could control the election of the majority of the board of directors. Both Op-

penheimers occupied official positions and drew salaries until differences developed which resulted in S. Oppenheimer being dropped from the pay roll of the corporation and supplanted as an officer by the vote of the majority of the stockholders. The regulations were then amended providing for a general manager and L. Oppenheimer was given this position. The evidence disclosed that the corporation was being operated at a good profit. In refusing to dissolve the corporation the court held:

1. As the corporation is not insolvent it must be proved that the dissolution will be beneficial to the stockholders. By "beneficial" the legislature referred to the greater financial interest of stockholders to wind up the business rather than to continue it, and the burden of proof is upon those seeking the dissolution. It seems to the court that no stockholders would conclude under these circumstances that the corporation should be dissolved. 3 OA. 253, 21 CC. ns. 95, distinguished.

**Attorneys**—J. L. Kohl, for S. Oppenheimer; Jones & Jones, for Oppenheimer Printing Co.

---

### CINCINNATI BUILDERS SUPPLY CO. v. GRAN
Hamilton Common Pleas
No. 184703. Decided Nov. 7, 1023

**301. PRINCIPAL AND SURETY.**

Court will presume if possible that a contractor's bond to the county is executed in compliance with statute.

MATTHEWS, J.
#### Epitomized Opinion

Gran entered into a contract with the County Commissioners to furnish certain work and material in improving a road. Sullivan and Henkel executed a bond as sureties for Gran. The bond provides that if Gran shall perform the terms of the contract, the obligation shall be void. The contract provided that Gran should furnish all necessary labor and material. Builders Supply Co. furnished material to Gran for this work and this action is to recover the contract price of this material against Gran as principal and Sullivan and Henkel as sureties. By statute, commissioners are required, subject to fine, to exact a bond protecting laborers and material men. In overruling the demurrer to the petition, the court held:

1. A contractor's bond, when possible, will be presumed to have been executed in compliance with the statute requiring the protection of laborers and material men. The language of this bond is susceptible of this construction, 100 OS. 373.

**Attorneys**—F. E. Wood and E. M. Powers, for Builders Supply Co.; Dole, Taylor, O'Donnell & Geisler, for Gran.